IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOFPOOL, LLC, | No. Misc. S-09-89 MCE EFB |
| Plaintiff, | |
| vs. | |
| INTEX RECREATION CORP., | ORDER |
| Defendant. | |

    This action is before the undersigned pursuant to Eastern District of California Local Rule 72-302(c)(1). *See* 28 U.S.C. § 636(b)(1). On October 2, 2009, defendant Intex Recreation Corp. ("IRC") filed this miscellaneous action and an emergency motion to compel non-party R. Michael West ("West") to appear for deposition and to produce documents, and for sanctions. Dckt. No. 1. On October 7, 2009, West filed a motion to quash IRC's subpoena, to issue a protective order, for sanctions against IRC's counsel, and for reasonable compensation for expenses incurred by West in complying with IRC's subpoena. Dckt. No. 15.

    Prior to the October 26, 2009 hearing on IRC and West's discovery motions, both IRC and West informed the court that the only issues remaining before the court were IRC's request for sanctions, West's request for sanctions, and West's request for compensation for complying with IRC's subpoena. *See* Dckt. No. 26 ("[T]here is no longer any need for emergency relief on

1

IRC's Motion to Compel.") and Dckt. No. 28 at 5 ("It is West's position that the remaining issues are West's requests for sanctions with respect to IRC's Motion to Compel, and reasonable compensation to West incurred in compliance with the October 1, 2009 Subpoena.").

A hearing on the sanctions/compensation matters was held on October 26, 2009. Dckt. No. 34. Attorney Stacy Prall appeared on behalf of IRC, and attorney Catherine Straight appeared on behalf of West. For the reasons stated on the record and the additional reasons stated herein, all motions currently pending before the undersigned were denied.

<u>IRC's Motion to Compel; West's Motion to Quash and Motion for a Protective Order</u>

Because the parties have indicated that the substantive discovery disputes requiring IRC to file a motion to compel and West to file a motion to quash and motion for a protective order have now been resolved, those motions are denied as moot.

<u>IRC's Request for Sanctions/Fees</u>

IRC seeks over $19,000 in costs and expenses related to filing its motion to compel pursuant to Federal Rule of Civil Procedure ("Rule") 37(a)(5)(A). Dckt. No. 31 at 11. Rule 37(a)(5)(A) provides that if a discovery "motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Rule further provides that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

IRC contends that it is entitled to sanctions because West "complied with producing documents *only after* IRC filed its Motion to Compel." Dckt. No. 31 at 11 (emphasis added).

////

However, the subpoena that IRC sought to compel compliance with, which was issued on September 16, 2009, improperly sought production of the requested documents in Indianapolis, Indiana, in violation of the 100-mile limitation in Rule 45(c)(3)(A). Therefore, if IRC's motion to compel were not now moot, it would likely have been denied on that technical ground. Additionally, IRC's argument that it should be entitled to sanctions because West produced documents after IRC filed its motion to compel is not entirely convincing. That argument does not acknowledge that IRC issued a proper, revised subpoena to West on October 1, 2009 (one day before filing a motion to compel the September 16, 2009 subpoena).[1] West contends that he produced documents in response to that revised subpoena and not as a result of IRC's motion to compel. Dckt. No. 28 at 4. Although West's prior obdurate refusals to communicate cooperatively in narrowing the disputes necessitated formally pursuing a motion, IRC's technical flaws in executing and serving the subpoena did not assist in expeditiously resolving the matter. Therefore, the court finds that IRC is not entitled to recover its fees for filing its motion to compel.

<u>West's Request for Sanctions/Fees</u>

West seeks $4,645.50 in sanctions for having to respond to the September 16, 2009 subpoena, for having to defend IRC's motion to compel, and for having to file his motion to quash, motion for a protective order, and motion for fees. Dckt. No. 28 at 5.

Even though IRC's motion to compel would likely have been denied for the reasons stated above if it were not now moot, West is not entitled to sanctions for having to oppose that motion. Rule 37(a)(5)(B) provides that the court must award sanctions to a defending party if a motion to compel is denied. However, the Rule also provides that "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." The court finds that the motion was substantially justified in light of West's

---

[1] IRC did not meet and confer with West regarding the October 1, 2009 subpoena prior to filing its motion to compel the next day.

objections to the earlier subpoenas coupled with West's general failure to cooperate in resolving those objections, and in light of the rapidly approaching discovery deadline. IRC was left with little choice but to pursue a formal motion, which, but for a technically flawed subpoena, had merit. Accordingly, an award of expenses in favor of West would be unjust. *See* Fed. R. Civ. P. 45(c)(2)(B) (authorizing a subpoenaing party to move for an order compelling production of documents if the subpoenaed party objects to the subpoena).

West is also not entitled to sanctions for having to file his motion to quash, motion for a protective order, and motion for fees.[2] West contends that the September 16, 2009 subpoena was invalid under Rule 45(c)(3)(A) and should have been quashed pursuant to that Rule. *Id.* at 6. However, even if West's motion to quash was not now moot, it would have been denied in light of the superseding October 1, 2009 subpoena. Additionally, although West's motion also sought a protective order and witness fees for West because of the breadth of the document requests and the undue burden of the subpoena, West complied with the October 1, 2009 subpoena prior to the court having an opportunity to consider the breadth and burden issues, and without ever seeking, in good faith, to work with IRC to narrow the scope of the subpoena in a manner that satisfied the objections but timely produced the requested documents. Therefore, the court finds that an award of sanctions to West would be unjust.

<u>West's Request for Witness Fees/Costs</u>

Finally, West seeks $7,001.55 to cover his witness costs and fees for complying with the October 1, 2009 subpoena. Dckt. No. 28 at 7. West contends that the subpoena was unduly burdensome because it was overbroad and sought irrelevant documents. Rule 45(c)(1) provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and that "[t]he issuing court must enforce this duty and impose an appropriate sanction – which may

---

[2] Although West also seeks sanctions "for having to respond to the September 16 subpoena," he has not shown that such sanctions are appropriate.

include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply." However, because West complied with the October 1, 2009 subpoena prior to the court having an opportunity to consider the breadth and burden issues, and without ever seeking, in good faith, to work with IRC to narrow the scope of the subpoena, the court finds that the IRC subpoena was not *unduly* burdensome or expensive for West, and that therefore, his request for costs and fees for complying with that subpoena should be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. IRC's motion to compel and request for sanctions, Dckt. No. 1, is denied;

2. West's motion to quash, motion for a protective order, and request for sanctions and compensation for West's compliance with the October 1 subpoena, Dckt. No. 15, is denied;

3. IRC is directed to serve a copy of this order on plaintiff Sofpool LLC, and file a proof of service thereof, on or before October 31, 2009; and

4. The Clerk of Court is directed to close this case.

SO ORDERED.

DATED: October 28, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE